Talasi B. Brooks (ISB #9712)
WESTERN WATERSHEDS PROJECT
P.O. Box 2863
Boise ID 83701
(208)336-9077
tbrooks@westernwatersheds.org
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **WESTERN WATERSHEDS PROJECT,** | No. 1:23-cv-00171 |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **U.S. FOREST SERVICE**, | |
| Defendant. | |

1.      This is an action under the Freedom of Information Act (FOIA), 5

U.S.C. § 552 *et seq*., to compel Defendant the U.S. Forest Service (Forest Service)

to produce records requested by Western Watersheds Project (WWP) on March 22,

2022 concerning livestock grazing administration for public lands within the

Coronado National Forest.

2.     Upon receiving a properly-submitted FOIA request, FOIA requires the Forest Service to produce responsive records, or render a determination on the request, within 20 working days. 5 U.S.C. § 552(a)(6).

3.     Despite numerous follow-up inquiries by WWP, the Forest Service has failed to render a determination or otherwise respond to WWP's requests, over a year after they were sent.  Thus, the Forest Service has constructively denied WWP's request and is unlawfully withholding records that WWP is legally entitled to receive, in violation of FOIA.

4.     In this civil action, WWP seeks a court order (1) declaring that the Forest Service's failure to timely respond to WWP's requests violates FOIA; (2) enjoining the Forest Service from withholding records; (3) ordering the Forest Service to produce the requested records within 30 days of the Court's order; (4) awarding WWP its reasonable costs and attorneys' fees; and (5) granting such additional relief as WWP may request or the Court may deem appropriate.

## JURISDICTION AND VENUE

5.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), and 28 U.S.C. § 1331, because this action arises under the laws of the United States, including FOIA and the Declaratory Judgment Act, 28 U.S.C. § 2201.

6.     Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because Plaintiff WWP's principal place of business is in this district.

7.     Because the Forest Service has failed to comply with the applicable time requirements of FOIA, WWP is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial relief enjoining the Forest Service from continuing to withhold agency records and ordering the production of records improperly withheld under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

8.     Plaintiff WWP is an Idaho non-profit membership organization dedicated to protecting and restoring watersheds and wildlife in the American West through education, public policy initiatives, and legal advocacy.  WWP is headquartered in Hailey, Idaho, and has staff, members, and supporters throughout the western United States.

9.     WWP is active in seeking to protect and improve the public lands, wildlife, and other natural resources and ecological values of western watersheds, particularly by addressing impacts caused by domestic livestock grazing. WWP has long-standing concerns about impacts from the Forest Service's grazing management on the environment.

10.     To further its mission, WWP often requests information regarding federal programs and activities through the FOIA. WWP then compiles and analyzes the information it obtains through the requests and disseminates it to the public by: (1) presenting the material to its members and supporters, as well as members of other state and national conservation organizations, through its newsletter and email alerts; (2) presenting the materials at national and regional conferences; (3) participating in other public forums, such as local government hearings; (4) issuing press releases and presenting the information to national, regional and local media; and (5) posting the information (in a compiled and more readily understandable form) on WWP's internet web site, which has over 2,000 views each month.  The records requested in the FOIA request at issue here will help WWP inform and educate its members and the public about the Forest Service's grazing management and its potential environmental effects.

11.     WWP and its staff, members, and supporters are directly injured by the Forest Service's failure to comply with the statutory requirements of FOIA, and a favorable outcome of this litigation will redress those injuries.

12.     Defendant the FOREST SERVICE is an independent agency of the United States Department of Agriculture (USDA) and has possession of and control over the records Plaintiff seeks.  As a federal agency, it is obligated to

comply with the mandatory requirements of FOIA and is sued in this action in connection with its failure to comply with its statutory duties under the FOIA.

## THE FREEDOM OF INFORMATION ACT

13.     FOIA was enacted "to establish a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." S. Rep. No. 813, at 3 (1st Sess. 1965). As the Supreme Court has affirmed, "Congress believed that this philosophy, put into practice, would help 'ensure an informed citizenry, vital to the functioning of a democratic society.'" *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989) (quoting *NLRB v. Robbins Tire & Rubber Co.*, 437 U.S. 214, 242 (1978)). Accordingly, "the basic purpose" of FOIA is "to open agency action to the light of public scrutiny." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 772 (1989) (quoting *Dep't of the Air Force v. Rose*, 425 U.S. 352, 372 (1976)).

14.     Ordinarily, FOIA requires that federal agencies must determine within twenty (20) working days after receiving a request whether to comply with it. 5 U.S.C. §52(a)(6)(A); 7 C.F.R. §§ 1.5(c), 1.6(b).

15.     In determining whether to comply with a request, the agency must first gather and review the requested documents. *Citizens for Responsibility and Ethics in Washington  v. Federal Election Com'n*, 711 F.3d 180, 188 (D.C. Cir. 2013) (Kavanaugh, J.) (*CREW*).

16.    To gather responsive records, an agency must "demonstrate that it has conducted a search reasonably calculated to uncover all relevant documents." *Hamdan v. United States*, 797 F.3d 759, 770 (9th Cir. 2015).  Under FOIA, "'search' means to review, manually or by automated means, agency records for the purpose of locating those records which are responsive to a request." 5 U.S.C. § 552(a)(3)(D).

17.    Then, the agency "must determine whether to comply with a request—that is, whether a requester will receive all the documents the requester seeks. It is not enough that, within the relevant time period, the agency simply decides to later decide." *CREW*, 711 F.3d at 186.

18.    Within the relevant time period, the agency must notify the requester of the scope of the documents that the agency will produce, the scope of the documents that the agency plans to withhold under any FOIA exemptions, the reasons for any withholdings, and of the requester's right to appeal to the head of the agency any adverse determination. *Id.*; 5 U.S.C. § 552(a)(6)(A)(i). *See also* 7 C.F.R. § 1.5(g).  "The requirement that the agency notify the requester about administrative appeal rights [] indicates that the 'determination' must be substantive, not just a statement of a future intent to produce non-exempt responsive documents."  *CREW*, 711 F.3d at 186.

19.    In specified unusual circumstances, the time limits for a response or

determination prescribed by FOIA may be extended by written notice to the requester "setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i). *See also* 7 C.F.R. § 1.6(d).

20. No extension may exceed ten business days unless the agency: (1) provides written notice to the requester explaining the "unusual circumstances" requiring an extension; (2) establishes the date on which the agency expects to make the determination; and (3) gives the requester "an opportunity to limit the scope of the request so that it may be processed within that time limit or an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request." 5 U.S.C. § 552(a)(6)(B)(i) & (ii).

21. USDA's FOIA regulations, which apply to the Forest Service, provide that where the extension due to "unusual circumstances" exceeds 10 working days, the Forest Service must "provide the requester with an opportunity to modify the request or arrange an alternative time period for processing the original or modified request." 7 C.F.R. § 1.6(d). *See* 36 C.F.R. § 200.7 (USDA FOIA regulations apply). It must also "make available its designated FOIA contact or its FOIA Public Liaison" and "alert requesters to the availability of the OGIS to provide dispute resolution services." 7 C.F.R. § 1.6(d).

22. USDA's FOIA regulations provide for multitrack processing that

distinguish between simple and more complex requests based on the estimated amount of work or time needed to process the request. 7 C.F.R. § 1.6(c). Factors that may be considered include the number of pages and the need for consultations or referrals. *Id.* If requested, the Forest Service will advise requesters of the track into which their request falls and, when appropriate, offer the requester an opportunity to narrow their request so that it can be placed in a different track in order to decrease the processing time. *Id.*

23. The Forest Service must provide an estimated date by which the agency expects to provide a response to the requestor, if the requestor asks for one. 7 C.F.R. § 1.5(h).

24. FOIA provides that "[u]pon any determination by an agency to comply with a request for records, the records shall be made promptly available to such person making such request." 5 U.S.C. § 552(a)(6)(C)(i).

25. An untimely determination or response is a violation of FOIA, regardless of the final outcome of the request. *Gilmore v. U.S. Dept. of Energy*, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998), *Or. Natural Desert Ass'n v. Gutierrez*, 409 F. Supp. 2d 1237, 1248 (D. Or. 2006). Administrative remedies are deemed exhausted when an agency fails to comply with applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i); *CREW*, 711 F.3d at 277.

//

## STATEMENT OF FACTS

<u>Forest Service FOIA Requests</u>

26.     On March 22, 2022, Western Watersheds Project's Arizona Director, Cyndi Tuell, submitted two FOIA requests to the Coronado National Forest of the Forest Service via the USDA FOIA Public Access Portal, and by email to the Coronado National Forest's Range Program Manager, James Heitholt at james.heitholt@usda.gov. Ms. Tuell also emailed the Acting Coronado National Forest Supervisor, Kurt Davis, and Acting Deputy Forest Supervisor, Celeste Kinsey, notifying them of the FOIA requests.

27.     Each request was assigned a tracking number through the Forest Service's automated system.

28.     Ms. Tuell requested the project record for the Canelo Hills Allotments Project.  The Canelo Hills Project request was assigned tracking number 2022-FS-R3-02826-F.

29.     Ms. Tuell also requested specific records for the Canelo, O'Donnell, U-D, Manila, Lyle Canyon, Lone Mountain, Sycamore, Post Canyon, and Sawtelle allotments: the annual operating instructions for 2021 and 2022, records of stock numbers for 2020, 2021 and 2022, movement dates for 2020, 2021, and 2022, and shipping records for 2020, 2021, and 2022. The grazing records request was assigned tracking number 2022-FS-R3-02827-F.

30.     Because the two requests were received by the Forest Service on March 22, 2022, the 20-day deadline for a response or determination was on or around April 20, 2022.  The Forest Service did not respond on the due date.

31.     On May 10, 2022, Ms. Tuell emailed the Coronado National Forest's FOIA Liaison, Celena Soto, requesting a status update on the outstanding FOIA requests.

32.     On May 18, 2022, Ms. Soto responded via email apologizing for the delay and explaining that the delay was due to heavy fire activity that prevented the subject matter experts from providing responsive documents.  Ms. Soto indicated that she had reached out to the Range Program Manager and indicated the full release should occur on June 13, 2022, and that a partial release of documents was possible.  Ms. Soto indicated she would make it her priority to get documents to Plaintiff "next week."

33.     The Forest Service did not produce responsive records or other determinations on the two requests on June 13, 2022.

34.     On September 7, 2022, Ms. Tuell again emailed Ms. Soto asking for a long-overdue responses to the FOIA requests.

35.     On September 20, 2022, Ms. Tuell emailed Ms. Soto and the Forest Service's Government Information Specialist, Alisha Daniel, asking for an immediate response.

36.     On September 23, 2022, Alisha Daniel responded and indicated that the searches for records responsive to 2022-FS-R3-02827 and 2022-FS-R3-02826 had not been completed yet.  She stated that the Forest Service had a backlog of FOIA requests because they had received over 50 more FOIA requests than in recent years, but had not yet hired an additional person to help with the backlog.

37.     On November 8, 2022, Ms. Tuell again emailed Alisha Daniel and others to inquire about the status of the requests and request an estimated date of completion for requests 2022-FS-R3-02827 and 2022-FS-R3-02826.

38.     On December 12, 2022, Alisha Daniel responded and stated that she believed the search for records responsive to 2022-FS-R3-02826-F was complete and that neither 2022-FS-R3-02826-F nor 2022-FS-R3-2827-F had been re-routed to the Regional Office for review and redaction, as was supposed to happen prior to release.  Ms. Daniel apologized for the delay but did not produce responsive records or provide an estimated completion date.

39.     On January 13, 2023 Ms. Tuell again emailed Alisha Daniel requesting an update.

40.     On January 17, 2023, Alisha Daniel responded, again apologizing for the delay, and notified Ms. Tuell she had spoken to her supervisors about the matter.

41.     As of the date this action was filed, Ms. Tuell has had no further

communications with Defendants. WWP has not received any substantive response to 2022-FS-R3-02826-F or 2022-FS-R3-2827-F.

42. The Forest Service has never: (a) informed WWP of the scope of the documents it plans to produce and withhold, or the basis for projected withholdings with respect to these requests; (b) informed WWP of its appeal rights; (c) informed WWP whether its request for a fee waiver will be granted; or (d) given WWP an estimated date of completion for any request.

43. The Forest Service has never made the legally-required determinations on WWP's requests and has not produced a full response to any of WWP's requests, even though they were sent over 12 months ago. Consequently, the Forest Service has constructively denied the requests and is wrongfully withholding records to which WWP is entitled, in violation of FOIA.

## FIRST CLAIM FOR RELIEF
### Violation of FOIA—The Forest Service failed to make adequate determinations.

44. WWP realleges and incorporates by reference all preceding paragraphs.

45. WWP properly requested records within the Forest Service's control in its March 22, 2022 requests.

46. WWP has a statutory right under FOIA to receive a determination for each request from the Forest Service, as well as to receive the underlying records it

seeks.

47.     The Forest Service failed to make an adequate and timely determination because the statutory 20 days for response have passed and the Forest Service has failed: (a) to gather responsive records for 2022-FS-R3-2827-F; (b) to inform WWP whether it plans to comply with either request; (c) if not, the reasons for which the agency is denying the requests, the volume of records withheld, any exemptions claimed, and how WWP may appeal. 5 U.S.C. § 552(a)(6)(A)(i).

48.     The Forest Service has failed to notify WWP of any "unusual circumstances" in a notice also setting forth a date on which the determination was expected to be dispatched within ten working days of the statutory 20-day deadline, as required by FOIA. 5 U.S.C. § 552(a)(6)(B)(i).

49.     The Forest Service has failed to alert WWP of the availability of OGIS conflict resolution services.

50.     The Forest Service's FOIA violations have deprived WWP of its right to receive public records, thereby injuring WWP's rights and interests.

51.     WWP is therefore entitled to declaratory and injunctive relief requiring the Forest Service to promptly render an adequate determination on WWP's requests, including an index justifying the withholding of any responsive records under a claim of exemption.

## SECOND CLAIM FOR RELIEF
### Violation of FOIA—The Forest Service is improperly withholding records.

52.     WWP realleges and incorporates by reference all preceding paragraphs.

53.     The Forest Service has violated and continues to violate the FOIA by failing to provide WWP with a timely and full response to 2022-FS-R3-02826-F and 2022-FS-R3-2827-F.

54.     WWP has a statutory right to the records sought and there is no legal basis for the Forest Service to assert that any of FOIA's nine disclosure exemptions apply to prevent their disclosure.  5 U.S.C. § 552(b)(1)–(9). The Forest Service has failed to make responsive records promptly available, as required by FOIA. 5 U.S.C. § 552(a)(6)(C)(i).

55.     The Forest Service's failure to produce the records is therefore constructive denial and unlawful withholding.

56.     The Forest Service is improperly withholding records from WWP in violation of FOIA.

57.     The Forest Service's improper withholding of public records to which WWP is legally entitled injures WWP's rights and interests.

58.     Unless enjoined and made subject to a declaration of WWP's legal rights by this Court, the Forest Service will continue to violate the rights of WWP

to receive public records under FOIA.

## FIRST CLAIM FOR RELIEF
**Violation of FOIA—The Forest Service failed to conduct a timely and adequate search for records responsive to 2022-FS-R3-02826-F and 2022-FS-R3-2827-F.**

59. WWP realleges and incorporates by reference all preceding paragraphs.

60. WWP has a statutory right to have the Forest Service process its FOIA requests in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

61. The Forest Service violated WWP's rights because it failed to perform adequate searches, reasonably calculated to discover the requested records, in violation of FOIA, 5 U.S.C. § 552(a)(3)(A)-(D).

62. Upon information and belief, the Forest Service still has not "gather[ed] and review[ed] the requested documents" responsive to 2022-FS-R3-2827-F, over a year after receiving the request. *CREW*, 711 F.3d at 188.

63. Upon information and belief, the Forest Service has not "review[ed] the requested documents" responsive to 2022-FS-R3-2826-F, because those documents have not been transmitted to the Regional Office. *CREW*, 711 F.3d at 188.

64. The Forest Service's failures to conduct adequate searches for records responsive to WWP's FOIA requests violates FOIA because it precludes the Forest Service from rendering timely and adequate determinations on WWP's

requests, or producing the requested records, as required by FOIA.

65.     The Forest Service's FOIA violations have deprived WWP of its right to receive public records, thereby injuring WWP's interests.

66.     WWP is therefore entitled to declaratory and injunctive relief stating that the Forest Service violated FOIA and requiring the agency to promptly perform an adequate search for reach request, reasonably calculated to discover the requested records.

## PRAYER FOR RELIEF

WHEREFORE, WWP respectfully prays that this Court:

A.     Declare that the Forest Service's failure to provide WWP with a timely and full response to WWP's FOIA requests numbered 2022-FS-R3-02826-F and 2022-FS-R3-2827-F, including the Forest Service's failure to make a timely determination on each request and produce all records requested, violates FOIA, 5 U.S.C. § 552(a)(6).

B.     Declare that the Forest Service's failure to conduct adequate searches reasonably calculated to discover records responsive to WWP's FOIA requests numbered 2022-FS-R3-02826-F and 2022-FS-R3-2827-F violated FOIA, 5 U.S.C. § 552(a)(3)(A)-(D).

C.     Order the Forest Service to provide WWP with all agency records responsive to its FOIA requests numbered 2022-FS-R3-02826-F and 2022-FS-R3-

2827-F, including any and all such records that would be responsive as of the date of the Court's order, within 30 days.

D.   Enjoin the Forest Service from continuing to withhold non-exempt records responsive to WWP's FOIA requests numbered 2022-FS-R3-02826-F and 2022-FS-R3-2827-F.

E.   Award WWP its reasonable costs, litigation expenses, and attorney's fees incurred in prosecuting this civil action under FOIA, 5 U.S.C. § 552(a)(4)(E), and/or all other applicable authorities.

F.   Grant such other and further relief as WWP may hereinafter request.

G.   Grant such other and further relief as the Court deems just and proper.

Dated April 11, 2023.              Respectfully submitted,

s/ Talasi B. Brooks
Talasi B. Brooks (ISB #9712)